UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON

CIVIL ACTION NO. 04-140-DLB

BROADCAST MUSIC, INC., ET AL.                                                PLAINTIFFS

vs.                                      **OPINION & ORDER**

ROOSTER'S, INC. d/b/a ROOSTERS, ET AL.                              DEFENDANTS

*************************

This copyright infringement case is presently before the Court upon the issue of damages. Having granted Plaintiffs' motion for summary judgment, and determined that Defendants are jointly and severally liable for unlawful infringement, the Court must now consider Plaintiffs' request for a permanent injunction, statutory damages in the amount of $3,000 per act of infringement, and costs, including reasonable attorney's fees, all of which are recoverable under the Copyright Act. See 17 U.S.C. §§ 502, 504, 505.

On February 23, 2006, this matter was called for a status conference. Plaintiffs were represented by Melissa Bork, and Defendants were represented by Chris Macke, respectively. The proceedings were recorded by official court reporter, Lisa Wiesman. During the hearing, both parties agreed that the evidence of record was sufficient for the Court to make an appropriate determination of damages. The Court instructed Plaintiffs' counsel to submit an affidavit stating the amount of costs and attorney's fees incurred in this matter, at which time the issue of damages would be deemed finally submitted.

1

Counsel complied with the Court's request and submitted a detailed affidavit (Doc. #35). Defendants filed no response.

Upon careful consideration of all the evidence, the Court determines that Plaintiffs are entitled to the injunctive relief they request, statutory damages in the amount of $2,500 per act of infringement ($32,500 in total), and, as the prevailing parties, costs and attorney's fees.

## I.  DISCUSSION

**A.    Injunctive Relief**

The Copyright Act provides that "[a]ny court having jurisdiction of a civil action arising under this title may ... grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  17 U.S.C. § 502(a). Plaintiffs seek a permanent injunction, arguing that Defendants have yet to secure a license with BMI, and continue to publicly perform BMI-licensed works at Roosters.  (Doc. #25, p.8).  During the status conference held on February 23, 2006, however, Plaintiffs' counsel conceded that since April 2004, when the specific acts of infringement occurred, BMI has not engaged an investigator or otherwise determined that its music is still being played or performed at Roosters.  Defendants also claim that, during the pendency of this lawsuit, Roosters has secured a license with the American Society of Composers, Authors, and Publishers (ASCAP), a competitor of BMI.

The Court concludes that Plaintiffs are entitled to the injunctive relief they request. Although Defendants have procured a license from another "performing rights society," there are approximately 4.5 million songs in BMI's repertoire that remain susceptible to

continued infringement. Moreover, in the light of the fact that BMI repeatedly asserted its rights and was repeatedly ignored, the Court finds that a substantial likelihood of future infringement exists. Therefore, a permanent injunction is appropriate in this case. *See Superhype Publ'g, Inc. v. Vasiliou*, 838 F. Supp. 1220, 1226 (S.D. Ohio 1993) (noting that a showing of past infringement and a substantial likelihood of future infringement entitles a copyright owner to a permanent injunction).

**B.     Statutory Damages**

In addition to injunctive relief, Plaintiffs seek statutory damages. Under the Copyright Act, an infringer is liable for either: 1) the copyright owner's actual damages, plus any additional profits of the infringer, or 2) statutory damages. 17 U.S.C. § 504(a). Statutory damages for each individual act of infringement are subject to a floor of $750 and a ceiling of $30,000. *Id*. § 504(c)(1). Where the copyright owner establishes willful infringement, the Court may increase the award of statutory damages to a sum of not more than $150,000. *Id*. § 504(c)(2). Where, however, the infringers establish that they were not aware and had no reason to believe that their acts constituted infringement (i.e., "innocent infringement"), the Court may, in its discretion, reduce the award of statutory damages to a sum not less than $200. *Id.*

In this case, Plaintiffs seek statutory damages in the amount of $3,000 per each act of infringement (there were 13 in all), for a total of $39,000. In support, they allege that "between June 2001 and May 2004, BMI sent eleven (11) letters to Defendants advising them of the need to enter into a licensing agreement." (Doc. #29, p.6). In addition, Plaintiffs claim that "a BMI representative telephoned Roosters on thirty-two (32) separate occasions." (*Id.*). Defendants, on the other hand, allege that there is "a vast dispute

between the parties as to how many times the Plaintiff contacted the Defendants via mail ....." (Doc. #27, p.2). They do, however, acknowledge receipt of the February 18, 2004 letter, which included a calculation of fees owed. (*Id*.). Defendants also claim that: 1) Mr. Baker did not immediately respond to BMI's correspondence and enter into a licensing agreement because he was attempting to ascertain whether BMI's legal and factual representations were indeed true, and 2) the fact that they requested a list of the songs in BMI's repertoire militates against a finding of willful infringement in this case.

It is well-established that trial courts have wide discretion in awarding damages within the statutory range provided in § 504(c)(1). *Jobete Music Co., Inc. v. Johnson Communications, Inc.*, 285 F. Supp. 2d 1077, 1086 (S.D. Ohio 2003) citing *Columbia Pictures Indus., Inc. v. T & F Enters., Inc.,* 68 F. Supp. 2d 833, 840 (E.D. Mich. 1999). In determining the amount of damages to be awarded, courts generally consider: (1) the infringer's blameworthiness, i.e*.,* whether the infringement was willful, knowing, or innocent; (2) the expenses saved and the profits reaped by the defendants in connection with the infringement; (3) the revenues lost by the plaintiffs due to the defendants' conduct; and (4) the goal of deterring wrongful conduct. *Id.* As a starting point, some courts also consider the amount of money it would have cost the infringer to properly obtain a license. *See Coleman v. Payne*, 698 F. Supp. 704, 707 (W.D. Mich, 1988).

With those factors in mind, the Court finds that an award of $2,500 per act of infringement is not only supported by the record, but is sufficient to accomplish the compensatory and deterrent goals of the Copyright Act. First and foremost, the record establishes that BMI contacted Mr. Baker on several occasions to apprise him of the legal need, and practical way, to obtain a license. Mr. Baker, however, contends that he was

unaware or uncertain of his legal obligations, and the consequences thereof. While this may have been true initially, the Court finds that Mr. Baker had over three years between the time BMI sent its first letter and filed the present suit, to resolve any doubts, questions, or concerns that plagued him. Instead, however, he deliberately disregarded BMI's offers, and continued to allow copyrighted works to be publicly performed at his establishment without authorization. In a copyright infringement case such as this, such indifference must not be condoned.

In addition, BMI's May 7, 2004 letter to Mr. Baker indicated that the licensing fees for the relevant period (from July 2001 to the commencement of the lawsuit) totaled approximately $9,000. Even though Defendants disputed these fees on the ground they were incorrectly calculated, Defendants could have obtained a license from BMI for a modest price and avoided the predicament they now find themselves in.

Finally, the Court's own research reveals that other courts have routinely awarded damages in excess of the statutory minimum under similar factual circumstances. *See Superhype*, 838 F. Supp. at 1226 ($1,500 and $2,500 for each violation); *Cross Keys Publ'g Co., Inc. v. Wee, Inc.*, 921 F. Supp. 479, 481 (W.D. Mich. 1995) ($1,500 per act of infringement); *Coleman v. Payne*, 698 F. Supp. 704, 707-08 (W.D. Mich. 1988) ($5,000 per act of infringement); *Mallven Music v. 2001 VIP of Lexington, Inc.*, No. 85-283, 1986 WL 10704, at *5 (E.D. Ky. Apr. 24, 1986) ($1,000 per act of infringement; *Sailor Music v. IML Corp.*, 867 F. Supp. 565, 570 (E.D. Mich. 1994) (noting that statutory damages typically

5

range from $1,500 to $5,000 per infringement).[1]  For these reasons, the Court concludes that an award of $2,500 per act of infringement is proper.

**C.     Costs and Attorney's Fees**

Under 17 U.S.C. § 505, the Court may, in its discretion, award Plaintiffs, as the prevailing parties, their costs, including reasonable attorney's fees.  While such recovery is not automatic, *see Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), it is routine.  *See Coleman*, 698 F. Supp. at 709.  In this case, counsel submitted an affidavit indicating that Plaintiffs have incurred $30,760.51 in costs and attorney's fees.  As discussed more fully herein, the Court concludes that Defendants were well aware of the potential for litigation, and took no action to avoid it.  Therefore, the Court will award costs and attorney's fees in the amount of $30,760.51.

## II. CONCLUSION

Accordingly,

**IT IS ORDERED** that:

(1)     Defendants are permanently enjoined from publicly performing the infringed works at Rooster's Bar, unless and until a proper license granting such right is obtained;

(2)     Defendants shall pay to Plaintiffs statutory damages in the amount of $2,500 per act of infringement, for a total of $32,500, for which Defendants shall be jointly and severally liable; and

---

[1] For the sake of completeness, the Court notes that the majority of these cases were decided before Section 504(c) of the Copyright Act was amended to reflect a minimum statutory damage award of $750 per infringement, and a maximum statutory damage award of $30,000 per infringement.

(3) Defendants shall pay Plaintiffs' costs and attorney's fees in the amount of $30,760.51;

(4) A separate Judgment is entered concurrently herewith; and

(5) This is a final and appealable order.

This 29th day of March, 2006.

Signed By:
**David L. Bunning**
United States District Judge

G:\DATA\Opinions\2-04-140-DamagesOrder.wpd